# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FERNANDO ANAYA, ARGELI ANAYA,
MAYRA AIDE ANAYA, MICHAEL ANAYA,
FABIAN ANAYA, CLAUDIA ALEXIS
ANAYA and ERNESTO ANAYA,

    Plaintiffs,          CASE NO. 07-12688
                     HON. LAWRENCE P. ZATKOFF

v.

DEPARTMENT OF HOMELAND
SECURITY and CAROL JENIFER,
District Director of United States
Citizenship and Immigration Services.

    Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on September 26, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court upon Defendants' Motion to Dismiss (Docket #3).[1] The parties have fully briefed the Motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided

---

[1] Although Argeli Anaya, Mayra Aide Anaya, Michael Anaya, Fabian Anaya, Claudia Alexis Anaya and Ernesto Anaya are listed as plaintiffs in this case, the Complaint does not contain any legal allegations concerning anyone other than Fernando Anaya. Further, no one other than Fernando Anaya was a party to any of the adverse rulings being contested in this case. Accordingly, the Court finds that Fernando Anaya is the only proper plaintiff in this case. Therefore, when the Court refers to Plaintiff, it is referring to Fernando Anaya only.

by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the following reasons, Defendants' Motion to Dismiss will be GRANTED.

## II. BACKGROUND

Plaintiff is a citizen of Mexico and a Michigan resident. Plaintiff's wife, his five children and his brother are citizens of the United States. This case arises from an adverse determination by the United States Citizenship and Immigration Services ("USCIS") on Plaintiff's Application to Register for Permanent Residence or Adjustment of Status ("Application"). Plaintiff's Application was filed with the USCIS on April 28, 2003. On March 26, 2004, Plaintiff was interviewed by USCIS. During the interview, the officer requested all arrest records and court dispositions related to Plaintiff.

On August 3, 2006, USCIS sent a letter to Plaintiff informing him that his Application was denied. The letter stated the reasons for the denial as follows:

> On July 23, 1985, the Chicago Police Department arrested you for Theft, you have provided no arrest documents pertaining to this incident. On December 27, 2003 you were arrested for Larceny by the Detroit Police Department. During your interview on March 26, 2004 you were requested to provide certified court dispositions and certified copies of all arrest documents pertaining to ALL arrests. All that has been provided is a letter detailing no arrest record from the Detroit Police and a court document pertaining to Open Alcohol in a Motor Vehicle. The record further reveals that after your interview the Detroit Police Department arrested you for Miscellaneous Arrests on April 26, 2005. While no record of convictions has been provided by you, a close review of your service record cannot lead to a conclusion that your application warrants a favorable exercise of discretion. Accordingly, your application for adjustment of status is hereby denied.

On September 6, 2006, Plaintiff, through counsel, filed a Motion to Reopen/Reconsider the

Application. In that motion, Plaintiff argued that the Application "was denied ... solely because no records of convictions were provided to [USCIS,]" which he contended was an "error of law ... ." Plaintiff then claimed that he made a diligent effort to obtain all the records. On February 7, 2007, USCIS sent a letter to Plaintiff stating, in pertinent part, as follows:

> [The Motion to Reopen/Reconsider the Application] is based on your contention that [USCIS] denied your application as you failed to provide requested evidence. In actuality your application was denied as it is [USCIS's] contention that, due to your extensive arrest record, your application does not warrant a favorable exercise of the Attorney General's discretion.

On June 29, 2007, Plaintiff filed a Complaint asking this Court to vacate the USCIS decisions denying his Application and Motion to Reopen/Reconsider the Application. Plaintiff also asserts that his due process rights under the Fourteenth Amendment have been violated. Defendants now move the Court to dismiss Plaintiff's Complaint as a matter of law.

### III. LEGAL STANDARD

A motion challenging the basis for the Court's subject matter jurisdiction is brought under FED. R. CIV. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1) ... the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). A Rule 12(b)(1) motion to dismiss will be granted only if, taking as true all facts alleged by the plaintiff, the Court is without subject matter jurisdiction to hear the claim. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### IV. ANALYSIS

Plaintiff asserts the Court has jurisdiction based on the Administrative Procedures Act, 5

U.S.C. § 702 ("APA"). Defendant contends that the Immigration and Nationality Act, 8 U.S.C. §§1151-1381 ("INA"), expressly commits the decision to adjust an immigrant's status to the discretion of the Attorney General and, as such, the APA does not bestow jurisdiction to the Court in this case. For the reasons that follow, the Court agrees with Defendant's position.

Section 702 of the APA states that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. A reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ...." 5 U.S.C. § 706(2). The APA does not afford a basis for jurisdiction, however, to the extent that "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

Section 1252(a)(2)(B)(I) of the INA provides, in relevant part: "[n]otwithstanding any other provisions of law (statutory or nonstatutory) ... and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review ... any judgment regarding the granting of relief under section ... 1255 of this title ...." 8 U.S.C. § 1252(a)(2)(B)(I). Section 1255 of the INA, in turn, allows the Attorney General, *in his discretion*, to adjust the status of "an alien who was inspected and admitted or paroled into the United States ... to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a) (emphasis added).

As the quoted language from the August 3, 2006 and February 7, 2007 letters (set forth in

4

Section II above) reflects, the USCIS exercised its discretionary authority to deny Plaintiff's application for adjustment of status. As such, this case is unlike *Pinho v. Gonzales*, 432 F.3d 193 (3rd Cir. 2005), one of the cases relied upon by Plaintiff. In *Pinho*, the Third Circuit held that jurisdiction was proper because the decision by the Attorney General was based on a determination that the immigrant was legally ***ineligible*** for adjustment of status. *Id.* at 204. A determination of an immigrant's eligibility for adjustment of status is distinguishable from a denial of an application to adjust status (as has occurred in Plaintiff's case) because it is a purely legal question, and it does not implicate agency discretion. *Id.*

The Court also concludes that this case does not fall within the limited "question of law" exception to §1252(a)(2)(B) of the INA. *See* 8 U.S.C. §1252(a)(2)(D) (which allows "an appropriate court of appeals [to] review ... constitutional claims or questions of law ..."). Plaintiff relies on two cases in support of his contention that his appeal of the USCIS's decision in his case involves a question of law. First, Plaintiff maintains that *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708 (6th Cir. 2004), stands for the proposition that the Attorney General's consideration of an arrest record only, without looking at the convictions themselves, violates the Attorney General's rules prohibiting consideration of unproven allegations by denying the adjustment of status solely on the arrest record.

Contrary to Plaintiff's assertions, the Court finds *Billeke-Tolosa* factually distinguishable from the present case. In *Billeke-Tolosa*, the immigrant was arrested for sexual misconduct involving young girls but pled guilty only to misdemeanor assault on one charge and disorderly conduct on the other charge. As such, the Sixth Circuit concluded that the immigration judge's consideration of the arrest record, rather than solely on the conduct to which the immigrant pled guilty, bestowed jurisdiction on the court because the immigration judge clearly and overtly ignored

5

Board of Immigration Appeals ("BIA") precedent. *Id.* at 711-12. Here, the Court cannot conclude that the USCIS's decision ignored BIA precedent, in large part because Plaintiff never supplied the criminal documentation that the USCIS requested. As such, the Court cannot find, as the *Billeke-Tolosa* court did, that there was a legal error that permits the Court to retain jurisdiction over this action.

Plaintiff asserts that the lack of a discussion of positive equities in the denial letters referenced in Section II above demonstrates that his positive equities were not considered in this case and that the USCIS committed legal error by failing to consider Plaintiff's positive equities. *Relying on Catalina Arreguin de Rodriguez*, 21 I & N Dec. 38 (1995) and Adjudicator's Field Manual-Redacted Public Version, Chapter 23, Adjustment of Status to Lawful Permanent Resident, Section 23.2 General Adjustment of Status Issues. The positive equities Plaintiff contends the USCIS ignored in his case are (a) his wife, five children and brother are U.S. citizens, and (b) he has an approved I-130 petition from his wife and his brother.

The Court is not persuaded by Plaintiff's argument. The *Catalina* case states only that positive equities must be considered. Likewise, Section 23.2 of the Adjudicator's Field Manual only provides that an adjudicator "must take into account all known (i.e., favorable to the applicant) factors as well as all known negative (or unfavorable) factors. ... Next, the adjudicator must weigh those positive and negative factors." In the instant case, Plaintiff had an interview with an USCIS adjudicator. In that interview, Plaintiff had an opportunity to, and did, present the aforementioned positive equities to the adjudicator. Under the current law, nothing more is required. There is no statute, regulation or precedent that Plaintiff has cited which requires the USCIS to set forth in a letter granting or denying an applicant's adjustment of status all of the positive and negative equity

factors that are presented to the USCIS. Moreover, it is not within the province of this Court, and this Court does not have the authority, to create such a requirement.

For the foregoing reasons, the Court concludes that § 1252(a)(2)(B) of the INA deprives the Court of subject matter jurisdiction over Plaintiff's claim because (1) the INA expressly grants the Attorney General (USCIS) discretion with respect to granting or denying an adjustment of status, and (2) n this case, the USCIS exercised that discretion in denying Plaintiff's application for adjustment of status. *See Pilica v. Ashcroft*, 388 F.3d 941, 945 (6th Cir. 2004) ("Based on the language of §1252(a)(2)(B), it is clear that this Court lacks jurisdiction over the Attorney General's discretionary determination of whether an alien should be granted adjustment of status.").

Finally, the Court holds that Plaintiff's due process claim is dismissed as a matter of law because Plaintiff does not have a liberty or property interest under the U.S. Constitution in obtaining an adjustment of status. *See Ly v. Gonzales*, 185 Fed.Appx. 451, 456, 2006 WL 1675949, *4 (6th Cir. 2006); *Igwebuike v. Caterisano*, 2007 WL 1180300, *7 (4th Cir. 2007).

Accordingly, the Court grants Defendants' Motion to Dismiss and dismisses Plaintiff's Complaint, with prejudice.

## IV. CONCLUSION

Based on the pleadings and other documents properly considered in this case, the Court holds that it does not have subject matter jurisdiction over this matter and that Plaintiff's due process claim lacks merit. Accordingly, Defendants' Motion to Dismiss is GRANTED and Plaintiff's complaint is DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                            S/Lawrence P. Zatkoff
                            LAWRENCE P. ZATKOFF
                            UNITED STATES DISTRICT JUDGE

Dated: September 26, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 26, 2008.

                            S/Marie E. Verlinde
                            Case Manager
                            (810) 984-3290